## Milton Brown *et al.* v. The Symns Grocer Company.

No. 14,064.    (82 Pac. 1134.)

1. Judgments—*Order Staying Execution—Termination.* Where bonds were given by a judgment debtor to secure a stay of execution pending the hearing of a petition to set aside certain judgments, and the court granted such stay "until the further order of the court," and afterward, upon the denial of the petition, made an order staying execution for fifty days, it was held that the making of the second order terminated the first, whether or not new bonds were required or given.

2. Practice, District Court—*Limitation of Action.* It was further held that in such case the statute of limitation began to run against an action on the first bonds either when the petition to set aside the judgments was denied or when the second stay order expired.

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed October 7, 1905. Affirmed.

*John C. England,* and *Milton Brown,* for plaintiffs in error.

*Jackson & Jackson,* for defendant in error.

*Per Curiam:* This was an action by assignees of a bond given by a judgment debtor to secure a stay of execution on the judgment. The stay was granted by the court to a certain day, at which time it expired. At the expiration of the stay the bond had served its purpose, the judgment creditor was at liberty to proceed with the collection of his judgment, and no cause of action could thereafter accrue on such bond. Over five years after such stay of execution had expired this action was commenced. These facts appeared on the face of the petition. A demurrer to the petition was sustained. *Held,* not error.

Mason, J., not sitting.

41—72 kan.

OPINION DENYING A PETITION FOR A REHEARING.
(82 Pac. 1134.)

*Per Curiam:* On consideration of the motion for a rehearing, which is denied, inaccuracies as to the statement of facts made in the opinion heretofore filed herein were discovered, and, while the same conclusion is reached, the opinion is modified to read as follows:

This was an action by assignees of two bonds given by the judgment debtor, pending a hearing of a petition to set aside and vacate the judgments, to secure a stay of execution thereon. A stay of execution was granted "until the further order of the court." In April, 1897, the court heard the petition to vacate, and denied the same and rendered judgment against the petitioner for costs, and thereupon made another order granting a stay of execution for a period of fifty days, to enable the judgment debtor to appeal to the supreme court, which period would expire July 13, 1897. The making of this second order we think terminated the first order, whether or not new bonds were required or given. The cases were appealed to the supreme court, probably within the fifty days, and, if no supersedeas bonds were given, execution could have been issued upon the judgments at any time after July 13, 1897, and but for the second order of stay could have been issued at any time after April 27, 1897.

This action is claimed by plaintiffs to have been commenced September 29, 1902, but the defendant claims that it was not commenced until December 2, 1902. The cause of action accrued, if ever, on April 27, 1897, or July 13, 1897, and, whether the action was commenced at the time claimed by plaintiffs or at the time claimed by defendants, more than five years had elapsed. These facts appeared on the face of the petition and the court below sustained the demurrer thereto. *Held*, not error.

MASON, J., not sitting.